PEOPLE, PLAINTIFF AND APPELLEE, v. BARBOSA, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of San Juan in a Prosecution
for Violation of the Excise-Tax Law.

No. 1975.—Decided December 14, 1922.

EVIDENCE — INFORMALITY — WAIVER—OBJECTION—APPEAL.—In this case by the
consent of both parties the court considered testimony given by witnesses
in another case against the defendant. *Held:* That if there was any in-
formality, it was waived and the action of the court can not be attacked
on appeal, especially as no objection was made in the court below.

ID.—The testimony of eye-witnesses as to the existence of a still is primary and
not secondary evidence for the purposes of the rule of best evidence.

ASSIGNMENT OF ERRORS.—It is no assignment of error to say in blanket form
that the court erred in overruling the defendant's objections. The errors
should be set forth *seriatim* in an assignment of errors.

ID.—FINE—SUBSIDIARY IMPRISONMENT.—It is not a technical error for the court
to impose a fine without fixing the subsidiary term of imprisonment in case
of insolvency.

The facts are stated in the opinion.

*Mr. M. Gaetán Barbosa* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

José Barbosa and others were accused of having ob-
structed a policeman in the discharge of his duties and ac-
quitted. At the conclusion of this trial José Barbosa, ac-
cused of having an illegal still, was tried therefor and con-

victed. In the statement of the case before us on appeal it appears that by the consent of both parties the court considered testimony given in the previous trial as being before it in this case. If there was any informality it was waived and the action of the court can not be attacked on appeal, especially as no objection was made in the court below. This disposes of the first error assigned by appellant.

Error is also assigned because the court permitted evidence of the existence of a still when according to appellant the best evidence would have been the production of the still itself. However, evidence of eye-witnesses of the existence of a still is primary and not secondary. The complaint stated that the still was produced in court and it was brought to the municipal court. However, no point is made that this statement in the original complaint was material or that there was a variance.

Some other errors alleged in the brief were not set forth in an assignment of errors. It is no assignment of error to say in blanket form, as did the appellant, that the court erred in the overruling of his objections. The errors should be set forth *seriatim* in an assignment of errors. The matters overruled do not appear to be fundamental. There was sufficient proof of the guilt of the appellant.

Nor was it error for the court to impose a fine without putting the subsidiary jail sentence, although the practice suggested is better.

The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.